**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LOANCARE, A DIVISION OF FNF SERVICING, INC., | § § § | |
| Plaintiff, | § § | |
| V. | § § | CASE NO. 4:13cv299 Judge Clark/Judge Mazzant |
| LAWRENCE CUINGTON SR and ALL OCCUPANTS OF 2741 LUMINA DRIVE, LITTLE ELM, TX 75068, | § § § § § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On December 30, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion to Remand [Doc. #13] be granted [Doc. #14]. On February 3, 2014, Defendant filed objections [Doc. #16].

The Magistrate Judge explained that this dispute revolves around a post-foreclosure eviction proceeding related to a single-family residence located at 2741 Lumina Drive, Little Elm, Texas 75068. Plaintiff initiated an eviction proceeding in Justice Court of Precinct 2 of Denton County, Texas. After hearing, judgment was granted in favor of Plaintiff. Defendant appealed the matter to Denton County Court at Law #2. The trial was set for hearing on May 31, 2013. On May 30, 2013, Defendant removed this case to this court, asserting that removal was

1

proper based upon federal question and diversity of citizenship. Plaintiff filed a motion to remand. Although no direct response was filed to the motion, Defendant did file an objection to the motion to remand prior to the actual filing of the motion to remand.

The Magistrate Judge found that removal of this case violated the "no forum defendant rule," but that Plaintiff waived this argument by failing to timely file a motion to remand. The Magistrate Judge also determined that the amount in controversy in a forcible detainer action is not the value of the property, but the value of the right to possession. The Magistrate Judge determined that Defendant failed to establish that the rental value of the property would exceed $75,000, thus defeating diversity jurisdiction. The Magistrate Judge also determined that Plaintiff only pursued a forcible detainer action and asserted no federal claims.

Defendant's objections merely set forth his arguments, but fail to specifically object to any portion of the report. Defendant never addresses the findings made by the Magistrate Judge. With regard to the amount in controversy, Defendant asserts that the fair market value of the property is $179,848. The Magistrate Judge acknowledged the market value of the property, but found that the value of the property was not relevant to the issue of possession, which is the only issue raised in Plaintiff's case. The court agrees. The court ignores the value of the property in deciding the motion to remand. Instead, the court agrees with the Magistrate Judge that the appropriate measure of the amount in controversy is the value of the right of possession. Defendant does not respond or object to that finding. Diversity jurisdiction is not present in this case because the amount in controversy has not been established.

Defendant also fails to object to the Magistrate Judge's findings that there are no federal claims being asserted. Plaintiff filed a simple state law forcible detainer action that raises no

issues of federal law. Therefore, there was no federal subject matter jurisdiction upon which to base removal, and remand is appropriate.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Defendant [Doc. #16], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Plaintiff's Motion to Remand [Doc. #13] is GRANTED and the case is REMANDED to the County Court at Law #2 of Denton County, Texas.

So **ORDERED** and **SIGNED** this **21** day of **March, 2014.**

_____
Ron Clark, United States District Judge